UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE ALLEN MARCHANT, <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE BAILEY and the STATE OF IDAHO, <br><br> Defendants. | Case No. 1:20-cv-00125-DCN <br><br> **INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Bruce Allen Marchant was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed on his claims.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff alleges that Idaho Magistrate Judge Bailey denied all of Plaintiff's petitions for writs of habeas corpus in state court. Plaintiff states that Judge Bailey "claims I have money to pay for the filing fee," but a certified one-year inmate account statement sent to the court "clearly shows I have no money." Dkt. 3, p. 2. Petitioner alleges that Judge Bailey's action violates Plaintiff's right to access the courts and right to be free from cruel and unusual punishment.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## 2. Standard of Law for Screening

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid.*

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

### 3. Discussion

#### A. *Judicial Immunity*

Plaintiff sues Judge Bailey for monetary damages. However, under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted).  For example,  judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges.'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman v. Pope*, 793 F.2d at 1078).

Here, Plaintiff complains only of actions the judge took or failed to take in the exercise of his judicial functions—the denying of in forma pauperis status in Plaintiff's state habeas corpus cases. Accordingly, it is clear that Judge Bailey is entitled to judicial immunity in this case for claims for monetary damages.

### B.  Sovereign Immunity

Plaintiff also brings suit against the state of Idaho. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff

may not pursue claims against the State of Idaho.

### C.  Access to Courts Claim

Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id*. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state an access to courts claim when a prisoner claims that he suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that otherwise could be brought. *Id*. at 415-17.

The United States Supreme Court has explained that failing to grant in forma pauperis status in frivolous cases is not contrary to the Constitution:

> [T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. The risks of

abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system. Under the circumstances of this case, we find it appropriate to deny in forma pauperis status to petitioner in this and all future petitions for extraordinary relief.

*In re Sindram*, 498 U.S. 177, 180 (1991) (citations omitted).

*Sindram* focused on a frivolous filer's repetitious requests for issuance of an extraordinary writ. Here, Plaintiff has not provided facts in his Complaint about the nature of the state habeas corpus claims he desired to bring, or the quantity of suits he has brought in state court. He will be given leave to file an amended complaint to attempt to state an access to courts claim, which must be asserted as a claim for prospective injunctive relief only (which means  an order requiring Judge Bailey to permit Plaintiff to proceed in forma pauperis in state court), brought against Judge Bailey in his official capacity. *See Ex parte Young*, 209 U.S. 123 (1908) (the Eleventh Amendment does not bar suit against a government official in her official capacity for prospective injunctive relief only).

### D.  Cruel and Unusual Punishment Claim

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, a plaintiff must provide facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825,

834 (1994) (internal quotation marks omitted). An inability to access the courts does not constitute punishment. While the underlying *claim* Plaintiff may have been attempting to bring in state court is that his conditions of confinement amount to cruel and unusual punishment under the Eighth Amendment, the underlying claim does not transform his primary access to courts claim into a cruel and unusual punishment claim. The Eighth Amendment claim will be dismissed with prejudice without opportunity to amend, because amendment would be futile—this is simply the wrong legal theory for the facts alleged.

### 4. Conclusion

Plaintiff may not proceed on any of his claims. If he desires to amend to attempt to show that he is being denied access to the state courts in violation of his federal constitutional rights, he may file an amended complaint. It must specifically state in detail the claims that he brought in the state courts for which in forma pauperis status was denied, and meet the other elements of an access to courts claim as specified above.

### 5. Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. This Order specifies the elements of the causes of action. Each element needs factual support. Plaintiff can provide factual

support without the help of an attorney.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendant's defenses and the parties' evidence concerning the facts of the case.

## ORDER

**IT IS ORDERED:**

1. If Plaintiff desires to proceed, he must submit an amended complaint, consistent with the guidelines set forth above, within **30 days** after entry of this Order. Failure to do so will result in dismissal of this action for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

DATED: August 7, 2020

David C. Nye
Chief U.S. District Court Judge